Staples, J.,
delivered the opinion of the court.
The first error assigned in thi3 case is the refusal of the court to scale the judgment rendered by default at *384 the April term 1866, against the plaintiffs in error. This assignment is based upon the proposition, that as the bond upon which the judgment was founded, was executed on the 25th November 1862, and a payment was made on that day of two hundred dollars, and another payment of three hundred dollai’s made on the 4th January 1864, the receipt by the obligee of such payments in Confederate currency affords a strong presumption that the contract was entered into with reference to such currency as a standard of value.
The record does not disclose the consideration of the bond, nor the kind of currency in which the payments were made. And if this court were authorized to infer from the date of the instrument and the period of the respective payments that the bond in question is solvable in Confederate currency, it would not be warranted in drawing such a conclusion, where the record states, as in this casej that the Circuit court, upon the evidence adduced, refused to apply the scale of depreciation. "What that evidence was ; what it tended to prove, we have no means of ascertaining. No bill of exceptions was taken ; and none of the facts are stated on the record, by which this court can undertake to review the decision of the Circuit court. If the plaintiffs in error considered themselves aggrieved by the judgment, it was plainly their duty to obtain a certificate of the facts proved ; and thus show affirmatively there is error in the judgment. As they have failed so to do, this court is bound to conclude the decision was warranted by the evidence adduced on the trial.
The second assignment is, that the original judgment having been rendered upon a joint bond against the four obligors therein, and process being served only on three, such judgment is erroneous, and must be reversed as to all. . The 6th section, chap. 181, Code of 1860, provides that “ no appeal, writ of error or supersedeas shall be allowed by an appellate court or judge, for any *385 matter for which, a judgment or decree is liable to be reversed or amended on motion, by tbe court which rendered it or the judge thereof, until such motion be made and overruled in whole or in part. hTo motion, however, was made in the court below, to reverse or amend the judgment for the error now assigned. The motion actually made was to reform the judgment by applying thereto certain omitted credits, and” “ by settling and directing at what scale of depreciation it should be discharged, according to the act for adjusting Confederate liabilities.” The question raised by the second assignment of error is therefore not before -this court, and no opinion is expressed thereon.
For these reasons the judgment of the Circuit court is affirmed ; but without prejudice to the right of the plaintiffs in error to move in said court, to reverse or amend the original judgment against them, upon the ground suggested in the second assignment of error.
Judgment arrirmed ; but without prejudice.